IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FLOYD BOONE                                                                                    PLAINTIFF

V.                                                                    NO. 4:14CV00076-DMB-JMV

PRAIRIE FARMS DAIRY, INC. d/b/a
LUVEL DAIRY PRODUCTS, INC.                                                        DEFENDANT

### ORDER

A telephonic hearing was held today on plaintiff's Amended Motion to Compel Better Responses to Plaintiff's Discovery Requests [48], filed March 17, 2015, and defendant's Motion to Quash or Modify Re-Notices of Depositions [68].

Motion to Compel [48]

During the hearing counsel for the parties represented to the court that only certain of the issues raised by the Motion to Compel had not been resolved since filing of the motion. Consistent with the ruling from the bench during the hearing, the court's ruling with regard to the issues proffered during the hearing is as follows:

1. Electronic Discovery

Defense counsel having represented that defendant is in the process of searching its servers for electronic discovery, it has been agreed upon by the parties that the search of individual employee databases shall be limited to managers and supervisors at Luvel Dairy Products and anyone listed in the parties' initial disclosures. Any information required to be disclosed shall be produced to the plaintiff within 10 days of this date.

2. Privilege Log

Within 48 hours, Defendant shall produce to the undersigned for *in camera* inspection all

of the listed information withheld under a claim of privilege. The court will rule on the sufficiency of the description of the information and whether the asserted privilege stands after such review.

   3. Interrogatory No. 10

The court reserves ruling on the issue of whether defendant should be required to disclose the <u>names</u> of employee comparators amid concerns with regard to the privacy rights of such non-parties. Counsel for the parties shall email supplemental briefing on the issue to the undersigned by 5:00 p.m. on Tuesday, April 21, 2015.

   4. Request for Production No.'s 14, 15, and 23

Because counsel for defendant represented that this information is listed on defendant's privilege log, the court will rule on the necessity of its disclosure after the *in camera* inspection noted above.

   5. Request for Production No. 26

Defendant must produce the handbook for Prairie Farms Dairy, Inc., for the period during which the plaintiff was employed and terminated. Plaintiff may not disclose or use this information outside or for any purpose other than this litigation and may not file any of the information on the court's docket without prior approval.

   6. Request for Production No. 27

Counsel for defendant must review the personnel file of Lisa Gibson and produce, to the extent not otherwise protected and properly disclosed as such, anything which relates to the grant or denial of FMLA leave and anything related to termination of an employee based on FMLA leave. Defendant shall also produce anything in Gibson's file related to plaintiff or this lawsuit. Defendant may redact Gibson's name from any such records produced. If counsel does not find

any relevant information in Gibson's file, counsel must file a certification of his efforts and the absence of any relevant information.

      7. Request for Production No. 28

Within 10 days of this date, plaintiff shall either produce records for any phone service to which he was a subscriber and/or had access to and which he may have used to call the defendant between January 18 - 30, 2013, or email to the undersigned a status report of his efforts to obtain this information. Defendant will be required to produce its phone records– subject to an appropriate protective order– after receipt of plaintiff's records.

      Motion to Quash or Modify Deposition Notices [68]

Consistent with the court's ruling from the bench, all of the noticed depositions shall take place in Jackson, Mississippi, except the depositions of defendant's employees and corporate designees shall be limited to 4 hours each.

      **SO ORDERED THIS,** the 17th day of April, 2015.

      **/s/ Jane M. Virden**
      **U. S. MAGISTRATE JUDGE**