IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FLOYD BOONE**                                                      **PLAINTIFF**

**V.**                                                      **NO. 4:14CV00076-DMB-JMV**

**PRAIRIE FARMS DAIRY, INC. d/b/a**
**LUVEL DAIRY PRODUCTS, INC.**                                       **DEFENDANT**

## ORDER

During a telephonic hearing held on April 17, the court reserved ruling on certain issues raised by plaintiff's Amended Motion to Compel Better Responses to Plaintiff's Discovery Requests [48]. Having received supplemental submissions by counsel for the parties and after in camera inspection of certain disputed documents, the court is ready to rule.

1. Privilege Log

In response to the court's prior order, Defendant produced copies of emails and documents listed on its privilege logs for in camera inspection by the court. The court's ruling with respect to the sufficiency of the description of each document and whether the asserted privilege may stand follows.

A. Amended Privilege Log

Email: 6/24/13       5:23 p.m.       Emailing: Boone
Ruling: **The court reserves ruling on this email until either the attachment "Boone.pdf" is provided or a more adequate description is given**.

Email: 6/25/13       8:44 a.m.       Boone
Ruling: The asserted privilege will stand.  **However, the description should be amended to reference "letter in response and requesting documentation related to Boone's employment."**

Email: 6/25/13       8:56 a.m.       Boone
Ruling: **The names of the sender and recipient are transposed, and the description should be amended to reference "information regarding Boone's claim."** Nevertheless, the asserted privilege will stand.

Email: 6/25/13:     11:45 a.m.     Emailing Boone
Ruling: **This email was not provided to the court.**

Email: 6/25/13:     12:11 p.m.     Emailing: Boone
Ruling: **The description should be amended to make reference to "planning to meet and gather information regarding Boone's claim."** Nevertheless, the asserted privilege will stand.

Email: 6/27/13     3:30 p.m.     Floyd
Ruling: **The email's description should be amended to include reference to "investigation of Boone's claim." The court reserves ruling until the attachment to this email is provided**.

Email: 6/27/13     3:44 p.m.     Forwarding
Ruling: **Same as regarding 6/27/13 3:30 email above.**

Email: 7/18/13     12:02 a.m.
Ruling: **The description should be amended to include reference to "investigation of Boone's claim and discussion of FMLA procedures going forward**." Nevertheless, the asserted privilege will stand.

Email: 7/29/13     3:47 p.m.     Statement of Jan Deason
Ruling: **The description should be amended to include reference to "gathering information regarding Boone's claim, including statements of employees**." These statements are actually provided in later emails. The asserted privilege shall stand.

Email: 8/6/13     12:08 p.m.     Floyd Boone Investigation
Ruling: **The description should be amended to include reference to "investigation of Boone's claim by counsel**." The email is protected because it was prepared in anticipation of litigation and pursuant to the attorney-client privilege.

Email: 4/4/14     11:45 a.m.     Disability List of names
Ruling: The email is related to disability identification by other employees and appears not to be relevant to Plaintiff's claims. It will not be produced.

Email: 6/10/14     7:47 a.m.     Floyd
Ruling: **The description should be amended to include reference to "forwarding of 7/18/13 at 12:02 email."** It was prepared in anticipation of litigation and will not be produced.

Email: 6/11/14     6:45 a.m.     Floyd
Ruling: **The description should be amended to make reference to "transmittal of same 7/18/13 email**." The asserted privilege will stand.

Email: 6/19/14     10:06 a.m.     Floyd Boone v. Prairie Farms
Ruling: **The description should be amended to include reference to "draft of answer to complaint**." The email is protected by the attorney-client privilege doctrine.

Email: 6/20/14	1:51 p.m.	Floyd Boone
Ruling: **The description should be amended to include reference to "transmitting Dan Breland's file re Boone's EEOC charge**." The email is protected as prepared in anticipation of litigation.

Email: 6/23/14	4:10 p.m.	Floyd Boone vs. Prairie Farms Dairy, Inc., etc.
Ruling: Protected by attorney-client privilege doctrine.

Email: 7/01/14	9:29 a.m.	Court Filings
Ruling: Protected by attorney-client privilege doctrine.

Email: 7/10/14	4:33 p.m.	Court Filings
Ruling: Protected by attorney-client privilege doctrine.

Email: 7/25/14	3:25 p.m.	Boone vs. Luvel
Ruling: Protected by attorney-client privilege doctrine.

Email: 7/25/14	3:54 p.m.	Boone vs. Luvel
Ruling: Protected by attorney-client privilege doctrine.

Email: 7/29/14	12:40 p.m.	Wrongful Termination Suit
Ruling: Protected by attorney-client privilege doctrine.

Email: 7/30/14	2:02 p.m.	Wrongful Termination Suit
Ruling: Protected by attorney-client privilege doctrine.

Email: 7/30/14	2:29 p.m.	Wrongful Termination Suit
Ruling: Protected by attorney-client privilege doctrine.

Email: 7/31/14	8:48 a.m.	Boone vs. Luvel
Ruling: Protected by attorney-client privilege doctrine.

Email: 7/31/14	9:37 a.m.	Boone vs. Luvel
Ruling: Protected by attorney-client privilege doctrine.

Email: 8/01/14	9:49 a.m.	Boone vs. Luvel
Ruling: Protected by attorney-client privilege doctrine.

Email: 8/01/14	10:17 a.m.	Boone vs. Luvel
Ruling: Protected by attorney-client privilege doctrine.

Email: 8/05/14	4:45 p.m.	Floyd Boone vs. Luvel
Ruling: Protected by attorney-client privilege doctrine.

Email: 8/05/14        9:42 p.m.        Floyd Boone vs. Luvel
Ruling: Protected by attorney-client privilege doctrine.

Email: 8/06/14        6:00 a.m.        Floyd Boone vs. Luvel
Ruling: Protected by attorney-client privilege doctrine.

    B. Supplemental Privilege Log

Email: 3/27/12        2:53 p.m.        Disability Quote
Ruling: **The description should be amended to show that the email includes payroll worksheets and that Boone is not listed.**  The document does not appear to be relevant to Boone's claim and shall not be ordered produced.

Email: 6/25/13        2:08 p.m.        James Weaver
Ruling: **The description should be amended to include a reference that the record contains information regarding "medical treatment of Weaver; the length of his leave for medical treatment; and inquiry regarding availability of light duty**."  The information does not appear to be relevant to Boone's claim and should not be produced; however, the court may reconsider upon a showing of relevance.

Email: 6/25/13        4:21 p.m.        James Weaver
Ruling: Same ruling as prior email.  The court will reconsider if relevance is shown.

Email: 6/26/13        6:51 a.m.        James Weaver
Ruling: Same ruling as prior email.  The court will reconsider if relevance is shown.

Email: 7/18/13        12:02 a.m.       Floyd Boon Lawsuit
Ruling: **The asserted privilege of privacy of another employee appears to be a typo**.  The court's prior ruling already addressed the statements of the subject employees.  Absent a showing by Plaintiff that he is unable to similarly obtain his own statements from these witnesses at least in the form of depositions, the statements will not have to be produced at present.

Email: 7/29/13        3:47 p.m.        Statement of Jan Deason
Ruling: Protected as prepared in anticipation of litigation.

Email: 8/6/13         12:08 p.m.       Floyd Boone Investigation
Ruling: Protected as prepared in anticipation of litigation and by the attorney-client privilege doctrine.

Email: 10/24/13       2:10 p.m.
Ruling: **The description of this email should be amended to make reference to "the subject employee's need to fill out an FMLA form." The email must be produced, however Defendant should redact the employee's name from both the privilege log and the document.**

4

Email: 10/24/13 3:48 p.m.
Ruling: **Defendant must produce this email and attachment but should redact the subject employee's name.**

Email: 10/30/13 3:24 p.m. Emailing: chisolm fmla [sic]
Ruling: **The description should be amended to indicate that the attachment is an FMLA form signed by Kenny Chisolm on 10-28-13.**  Because the attachment contains highly sensitive medical information about the subject employee, Defendant shall not be required to produce the email or attachment without a showing of relevance by Plaintiff.

Email: 6/10/14 7:45 p.m. Floyd Boone Investigation
Ruling: The attached witness statements have been addressed in relation to prior emails.

Email: 6/11/14 3:07 p.m. Floyd Boone
Ruling: **Because the attachment appears to be an existing business record, Defendant must produce the attachment with everyone's name redacted except Boone's.**

Email: 6/12/14 4:38 a.m. C T received Process, etc.
Ruling: Protected as asserted.

Email: 6/12/14 12:47 p.m. Fw. C T received Process, etc.
Ruling: Protected as asserted.

Email: 6/12/14 12:50 p.m. Fw. CT received Process, etc.
Ruling: Protected as asserted.

Email: 6/13/14 4:21 p.m. Floyd Boone
Ruling: Protected as asserted.

Email: 6/19/14 10:06 a.m. Floyd Boone vs. Prairie Farms Dairy, Inc., etc.
Ruling: Protected by the attorney-client privilege doctrine.

Email: 6/20/14 1:51 p.m. Floyd Boone
Ruling: **The description should be amended to make reference to Dan Breland's file regarding Boone's EEOC Complaint**.  The email is, nevertheless, protected as asserted.

Email: 6/23/14 4:38 p.m. Fw. Send data from MFP-Main Office
Ruling: **The description should be amended to add that it references the contents of Dan Breland's file**.  The email is, nevertheless, protected as asserted.

Email: 6/23/14 6:09 p.m. Fw. Send data from MFP-Main Office
Ruling: The email is protected as asserted.

Email: 7/01/14        9:29 a.m.        Court Filings
Ruling: The email is protected as asserted and pursuant to the attorney-client privilege doctrine.

Email: 8/05/14        12:56 p.m.       Floyd Boone
Ruling: **The court reserves ruling on this email because additional information is needed, including who produced the time sheet; when it was produced; and why it was produced. If it was generated in defense of the lawsuit, Defendant must give further explanation, including a description of the documents from whence the time sheet was generated**.
Email: 8/28/14        8:35 a.m.
Ruling: **Defendant must produce the email but should redact the employee's name from it and the privilege log.**

Email: 3/18/15        1:58 p.m.        Server search for Prairie Farms Kosciusko
Ruling: Protected as asserted.

Email: 3/19/15        9:00 a.m.        Server search for Prairie Farms Kosciusko
Ruling: Protected as asserted.

### C. Second Supplemental Privilege Log

Email: 6/25/13        1:17 p.m.        Re: Emailing: Boone
Ruling: Protected as asserted.

Email: 6/25/13        2:33 p.m.        Re: Emailing: Boone
Ruling: Protected as asserted.

Email: 6/25/13        2:37 p.m.        Re: Emailing: Boone
Ruling: Protected as asserted.

Email: 7/24/13        11:24 a.m.       Statement Concerning Floyd Boone
Ruling: **The email is protected as asserted; however, the attachment is not identified in the description and has not been produced to the court.**

Email: 7/24/13        11:49 a.m.       Re: Statement Concerning Floyd Boone
Ruling: **Same as previous email**.

Email: 6/09/14        12:10 p.m.       Floyd Boone EEOC
Ruling: **The description should be amended to reference Boone's EEOC claim**. The email is, nevertheless, protected as asserted.

**To the extent additional documents or information is required by the court as set forth above, it must be provided to the court within three (3) business days of this date.**

2. Interrogatory No. 10

In the prior order the court reserved ruling on the issue of whether defendant should be required to disclose the <u>names</u> of employee comparators and required counsel for the parties to submit supplemental briefing on the issue. Because defendant has now withdrawn its objection to providing this information and agrees to provide the names of four of its employees which it considers "true comparators," Defendant shall immediately produce this information to Plaintiff. However, Plaintiff is warned that use of the subject names and related confidential employee information is limited to this litigation only and shall not be otherwise disseminated.

3. Requests for Production No.'s 14, 15, and 23

The witness statements responsive to these discovery requests were listed on Defendant's privilege log and, therefore, will not be required to be disclosed for the reasons stated above.

4. Request for Production No. 28 – Phone Records

Plaintiff's counsel provided a status report to the undersigned on April 29, advising the court that no phone records had yet been obtained and of steps taken by counsel to procure Plaintiff's cell phone records. The court has not received any information regarding the status of production of the records since that time, however. Accordingly, plaintiff's counsel shall promptly provide an updated status report, but in no event later than 12:00 p.m. on May 8, 2015.

**SO ORDERED THIS,** the 5th day of May, 2015.

> **/s/ Jane M. Virden**
> **U. S. MAGISTRATE JUDGE**